MARK A. CAMPBELL (SB# 93595)   (SPACE BELOW FOR FILING STAMP ONLY)
MURPHY, CAMPBELL, GUTHRIE & ALLISTON
3640 American River Drive, Suite 150
Sacramento, CA 95864
Telephone: (916) 484-3500
Fax: (916) 484-3510

Attorneys for Plaintiff Wesley Riley

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY RILEY,<br><br>Plaintiff,<br><br>vs.<br><br>MICHELE GIGUIERE, BUDGET PROPERTY MANAGEMENT, INC., CAL INVESTORS, INC., WILLIAM T. MARTIN, CALIFORNIA INVESTOR, and CALIFORNIA INVESTORS<br><br>Defendants. | Case No. CV 021266-LKK-KJM<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 USC §1692 et seq.]**<br><br>**DEMAND FOR TRIAL BY JURY** |

**DEMAND FOR TRIAL BY JURY**

The Plaintiff does hereby demand a trial by jury of all of the issues in this case.

**JURISDICTION**

This action arises under the Federal Fair Debt Collection Practices Act, 15 USC §1692 et seq., and in particular 15 USC §1692k, and 28 USC 1331. Venue is proper in the Eastern District because a substantial part of the events or omissions giving rise to the claim occurred in this District

**COMPLAINT**

COMES NOW Plaintiff, WESLEY RILEY (hereinafter "Plaintiff"), and allege as follows:

1. At all times mentioned herein, Defendant MICHELE GIGUIERE had offices in

Sacramento, California and was engaged in the practice of law in the County of Sacramento, California.

2. The Plaintiff is informed and believes, and on that basis alleges that, at all times mentioned herein, Defendant BUDGET PROPERTY MANAGEMENT, INC. was a California Corporation qualified to do business in the State of California and doing business in the County of Sacramento, State of California.

3. The Plaintiff is informed and believes, and on that basis alleges that, at all times mentioned herein, Defendant WILLIAM T. MARTIN was an individual engaged in the business of property management and doing business in the County of Sacramento, State of California doing business under the name CALIFORNIA INVESTOR and/or CALIFORNIA INVESTORS and was the successor in interest to Defendant BUDGET PROPERTY MANAGEMENT, INC..

4. The Plaintiff is presently unaware of the true legal form of the defendants named in this amended complaint as CALIFORNIA INVESTOR and CALIFORNIA INVESTORS; whether they are corporations, limited liability companies, partnerships, or sole proprietorships.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants was the agent, partner, joint venturer, and/or employee of each of the remaining Defendants and in doing the acts or things alleged herein were acting within the course and scope of said agency, employment, and other relationship stated herein.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants were acting in concert and conspiracy with one another and, as a result of the same conspiracy and concerted action, are responsible for each and every wrongful act and each item of damage incurred and claimed by Plaintiff herein.

7. The Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Josephine Santos owned real estate located in Sacramento County, commonly known as 8749 Grayling Way, Sacramento, CA, 95826 (hereinafter the "Grayling House") which she rented to residential tenants.

8. On June 24, 2005, the Defendants herein instituted a civil action against Plaintiff in the Superior Court of Sacramento County, California. The action was entitled "JOSEPHINE SANTOS vs. WESLEY RILEY, SHERRY AHRENS, AND DOES 1 TO XX, INCLUSIVE", CASE No.

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

05UD00611. The complaint claimed, among other things, that on or about May 21, 1999, the Plaintiff herein was in possession of the Grayling House, had entered into a written lease agreement with Josephine Santos pertaining to the Grayling House, and by virtue of that agreement and/or because the Plaintiff was in possession of the Grayling House, he was obligated to pay as rent to Josephine Santos, the sum of $2,850 plus $31.67 for each day after February 1, 2005 that the Plaintiff remained in possession.

9. The representations made in the complaint were not true; the Plaintiff was not in possession of the Grayling House, had not been in possession of that house for about 5 years, and he did not owe Joshephine Santos any money for rent either by virtue of the lease agreement or because he had been in possession of the Grayling house.

10. On or about February 16, 2005 the Defendants prepared and filed with the court, for the purpose of acquiring a default judgment against the Plaintiff, a proof of service in which they stated the Plaintiff had been served with a copy of the summons and complaint by substituted service at the Grayling House, on January 30, 2005, by delivery of a copy to one Sherry Ahrens who was, "a competent member of the household at the dwelling house or usual place of abode" of the plaintiff.

11. The representations made in the proof of service were not true; the Grayling House was not the Plaintiff's "dwelling house or usual place of abode", or his residence, on or about January 30, 2005, and had not been his residence, his "dwelling house", or his "usual place of abode" for about 5 years.

12. On or about March 8, 2005, the defendants acquired a default judgment against the Plaintiff in the amount of $3,990.12, plus $222.30 for costs and $200 for attorney's fees, using the default which they acquired by means of the proof of service filed on or about February 16, 2005.

13. In January of 2006 Plaintiff first discovered the existence of the lawsuit and the fact that a judgment had been entered against him, when he requested a free copy of his credit report from Experion, over the internet, in preparation to apply for a loan to use for repair of his roof.

14. The Plaintiff prepared and mailed a letter to the defendant MICHELE GIGUIERRE which was delivered to her office on February 1, 2006. In this letter he set out detailed information showing that he had terminated his tenancy of the house on Grayling Way several years before the time

-3-
FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

period began for which she was attempting to collect rent in the lawsuit and that the service of process on which the default and default judgment were based was improper. He demanded that she take the steps necessary to set aside the judgment.

15. The Defendants failed to respond to the Plaintiff's letter. However, on the next day they submitted an abstract of judgment to the clerk of the court which was executed by the clerk on February 3, 2006, and recorded with the Sacramento County Recorder's office by the defendants on February 10, 2006, creating a judgment lien on the Plaintiff's home.

16. Plaintiff was forced to retain counsel who filed a motion to set aside the default and default judgment which was heard on May 11, 2006. An order setting aside the default and default judgment was entered on May12, 2006.

17. On or about May 19, 2006 the defendants sent a letter to Plaintiff's attorney stating that unless the Plaintiff entered into a settlement which provided for no payment of any money by the defendants and the execution of a general release they would continue to prosecute the case against him.

18. On or about June 6, 2006 the defendants filed a dismissal with prejudice of the lawsuit, without receipt of any sort of release from the Plaintiff, or payment of any sort of funds by the Plaintiff.

19. In doing the things described above, each of the defendants was acting as a "debt collector" as that term is defined in 15 USC § 1692a (6). The term "debt collector" is defined there as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

20. In doing the things described above the defendants violated 15 USC §1692d which states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt".

21. In doing the things described above the defendants violated 15 USC §1692e which states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. In doing the things described above the defendants violated 15 USC §1692f which states:

"A debt collector may not use unfair or unconscionable means to collect or

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

23.     The defendants' conduct, as described in the paragraphs above, constitutes multiple violations of the provisions of the Fair Debt Collection Practices Act (FDCPA), including but not limited to those specifically cited above. Therefore the Plaintiff, under 15 USC § 1692k, and the other provisions of the FDCPA, is entitled to recover against the defendants an amount equal to the sum of;

(1) any actual damage sustained, which in this case includes the attorneys fees and costs incurred by the Plaintiff in setting aside the wrongful default judgment and otherwise defending himself from the lawsuit brought the defendants (in the amount of approximately $7,019.20) and also damages for personal humiliation, embarrassment, mental anguish and emotional distress in an amount to be determined at trial; and

(2) such additional statutory damages as the court may allow, but not exceeding $ 1,000, for each violation of the FDCPA; and

(3) reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      General Damages sustained by Plaintiff including personal humiliation embarrassment, mental anguish and emotional distress;

2.      Lost income, consequential and incidental damages sustained by Plaintiff, including damage done to his credit;

3.      All costs, expenses, and attorneys fees incurred in defending the action which the Defendants prosecuted against him, in the amount of approximately $7,019.20;

4.      Additional statutory damages as the court may allow, but not exceeding $ 1,000, for each violation of the FDCPA.

5.      Interest and/or prejudgment interest on all damages sought and/or incurred herein at the legal lawful rate;

6.      For attorneys fees and costs of suit incurred herein; and

7. For such other and further relief as may be proper.

DATED: February 5, 2007

MURPHY, CAMPBELL, GUTHRIE & ALLISTON

By: _____
Mark A. Campbell

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

# DECLARATION OF SERVICE

I, Elise Thurman, declare as follows:

I am employed in the County of Sacramento, State of California; I am over the age of 18 years and not a party to this action; my business address is 3640 American River Drive, Suite 150, Sacramento, California 95864, in said County and State. On 2/5/2007, I served:

**First Amended Complaint for Violation of the Fair Debt Collection Practices Act; Demand for Trial By Jury**

on the following person(s) at the following address(es), in the manner indicated below:

Michele Louise Giguiere
Attorney at Law #95288
4811 Chippendale Drive, Suite 702
P.O. Box 41174
Sacramento, CA 95841-0174
Fax: (916) 344-6883

[✓] **BY UNITED STATES MAIL:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses shown above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sacramento, CA.

[ ] **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers shown above. No error was reported by the fax machine that I used.

I certify under penalty of perjury that the foregoing is true and correct, and this declaration of service was executed on 2/5/2007, at Sacramento, California.

By: _____
Elise Thurman

Murphy Campbell
Guthrie & Alliston

-1-