MARK A. CAMPBELL (SB# 93595)
JUSTIN S. ALTMANN (SB# 244311)
MURPHY, CAMPBELL, GUTHRIE & ALLISTON
3640 American River Drive, Suite 150
Sacramento, CA  95864
Telephone: (916) 484-3501
Fax: (916) 484-3511

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Plaintiff Wesley Riley

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO

WESLEY RILEY,

    Plaintiff,

vs.

MICHELE GIGUIRE, BUDGET PROPERTY MANAGEMENT, INC., CAL INVESTORS, INC., JOSEPHINE SANTOS, and DOES 1-100,

    Defendants.

Case No. CV 06-2126-LKK-KJM

**STIPULATION AND ORDER TO PROTECTIVE ORDER**

On or about June 6, 2007 Defendant MICHELE GIGUIRE served a First Request for Production of Documents to Plaintiff WESLEY RILEY.  Six of the requests were stated as follows:

**DEMAND NUMBER 22:**

All credit reports obtained by you for the period of January 1, 1999 through the present.

**DEMAND NUMBER 23:**

All communications between you and any credit reporting agency relating to any derogatory remarks on your credit report for the period of January 1, 1999 through the present.

**DEMAND NUMBER 24:**

All documents referring to, relating to and/or evidencing all communications between

you and any credit reporting agency relating to any derogatory remarks on you credit report for the period of January 1, 1999 through the present.

**DEMAND NUMBER 25:**

All loan applications submitted by you to any lender for the period of January 1, 1999 through the present.

**DEMAND NUMBER 28:**

Copies of all cancelled checks written by you for rent while you resided at the 8749 Grayling Way house.

**DEMAND NUMBER 29:**

Any and all documents referring to, relating to and/or evidencing your residence for the period of January 1, 1999 through the present.

Plaintiff has responded that each of the above requests invades Plaintiff's right to privacy. Defendant contends that Plaintiff has waived any privacy objections to these requests regarding his finances and credit history by virtue of placing these at issue in the allegations of the First Amended Complaint. In the spirit of discovery, Plaintiff has agreed to allow the inspection, and copying, at the offices of Plaintiff's counsel, at a date to be mutually agreed upon by the parties, of all non-privileged documents responsive to the above demands that are in the possession, custody, or control of the Plaintiff ("Confidential Information") pursuant to this Stipulated Protective Order. The Plaintiff and Defendant intend that these documents be kept confidential and therefore agree, through their respective attorneys, as follows:

1.   No Confidential Information will be exhibited or disclosed to any person other than the Defendant, their counsel, and their expert consultants and expert witnesses, without the written consent of Plaintiff, or further order of this Court. No person to whom any of the Confidential Information is disclosed will discuss the contents of those documents or disclose it to any person other than those described in this paragraph.

2. Counsel for the Defendant to whom the Confidential Information is disclosed or produced will be responsible for ensuring that parties and other persons are informed of the terms of this Stipulated Protective Order, and taking all reasonable steps to prevent anyone, other than the persons specified in paragraph 1, from learning the substance of the internal information which appears in the Confidential Information. Before disclosing such information to any other person, counsel will obtain from that person a written agreement to be bound by the terms of this Stipulated Protective Order, in the form attached hereto as **Exhibit A.**

3. Counsel who seeks to file with the court clerk any of the Confidential Information in the form of a document, interrogatory answer, deposition transcript, pleading, or other record or tangible item which contains the substance of the internal information which appears on any of the Confidential Information will ask the Court to direct that such items be filed under seal, specifically marked as "Confidential Information" subject to this Stipulated Protective Order.

4. On final disposition of this action, counsel for any of the Defendants will destroy all copies of the Confidential Information, and any transcripts, notes, and extracts which contain the substance of internal information which appears on any of the Confidential Information except those marked as exhibits during trial.

5. Nothing in this Stipulated Protective Order (a) affects, in any way, the admissibility of any documents, testimony, or other evidence at trial or (b) restricts the use of information obtained from sources other than discovery conducted under the terms of this Stipulated Protective Order. Nor does Defendant, by entering into this Stipulated Protective Order, waive any objections or arguments that Plaintiff has waived his right to privacy in the documents subject to this Stipulated Protective Order.

6. This Stipulated Protective Order may be modified by agreement of the parties, subject to approval of the Court.

IT IS SO STIPULATED

Dated:  Nov. 6,    , 2007         MURPHY, CAMPBELL, GUTHRIE & ALLISTON


By:   /s/ Justin S. Altmann
    Justin S. Altmann
    Attorneys for WESLEY RILEY

Dated:   Nov. 6,    , 2007         MURPHY, PEARSON, BRADLEY & FEENEY


By:   /s/ William A. Munoz
    William A. Munoz
    Attorney for MICHELE GIGUIRRE

### ORDER

The parties having stipulated hereto, IT IS SO ORDERED.

Dated:   November 13, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT