1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   EASTERN DISTRICT OF CALIFORNIA
8
9  WESLEY RILEY,
                                         NO. CIV. S-06-2126 LKK/KJM
10           Plaintiff,

11      v.                              **PRETRIAL CONFERENCE ORDER**
                                              **[TENTATIVE]**
12  MICHELE GIGUIRE, BUDGET
    PROPERTY MANAGEMENT, INC.;
13  CAL INVESTORS, INC.;
    WILLIAM T. MARTIN, CALIFORNIA
14  INVESTOR and CALIFORNIA
    INVESTORS,
15
             Defendants.
16  _____/

17      Pursuant to court order, a Pretrial Conference was held in
18  Chambers on July 7, 2008.   TIFFANY P. SCARBOROUGH and DANIEL
19  HUMBARGER appeared as counsel for plaintiff; WILLIAM A.   MUNOZ
20  appeared as counsel for defendant Michele Giguire.  After hearing,
21  the court makes the following findings and orders:
22                 **I.   JURISDICTION/VENUE**
23      Jurisdiction is predicated upon 28 U.S.C. § 1331 and 15 U.S.C.
24  § 1692k.   Venue is predicated upon 28 U.S.C. § 1391(b).   Both
25  jurisdiction and venue have heretofore been found proper.   Those
26  orders are confirmed.

                              1

## II. **JURY/NON-JURY**

Plaintiff has requested a jury trial on all issues and the matter will be tried to a jury.

## III. **UNDISPUTED FACTS**

1. The owner of the property located at 8749 Grayling Way, Sacramento, California (the "Grayling Way Property") at the time relevant to the issues in this case was Josephine Santos.

2. There was a Property Management Agreement between Budget Property Management and the owner of the Grayling Way property, Josephine Santos.

3. The Property Management Agreement between Ms. Santos and Budget Property Management designates Ms. Santos as the "Owner and Budget Property Management as the "Agent." It states in the Terms and Conditions: "(3) Agent is authorized to execute all leases, renewals and cancellations of the subject property(ies). Agent may also serve notice on any tenant to quit a property when Agent deems such notice necessary and is authorized to institute any legal action or other proceeding as may be deemed advisable in Agent's or Owner's name in order to oust tenants, recover rents, charges or other sums payable to Owner. Agent may discontinue any such action or proceeding as may be deemed in the Owner's best interest. Owner shall reimburse Agent for all expenses relating to litigation, including clerical, filing fees, court costs, court appearances and attorney fees."

4. On May 21, 1999, Wesley Riley entered into a one-year residential lease agreement (the "Lease") for the Grayling Way

2

1   Property, along with his girlfriend, Sherry Ahrens.  The occupants
2   identified on the lease were Mr. Riley, Ms. Ahrens and Ms. Ahrens'
3   daughter.  Budget Property Management was the property management
4   company that executed the lease on behalf of the owner.

5       5.   The Lease starts by stating:  "This Agreement entered
6   into this 21 day of May year 1999 by and between Budget Property
7   Management Company, Agent for Owner and Wesley Riley and Sherry
8   Ahrens, herein referred to as Residents, in consideration for their
9   mutual promise, agree as follows:"

10      6.   The Lease contained the following clause:   "(3.)
11  EXPIRATION DATE.  Residents are aware that should they vacate the
12  premises prior to the expiration of this lease, which is on the 20
13  day of May year 2000, they will be responsible for rent until the
14  premises is re-rented or until expiration of this Agreement,
15  whichever occurs first and for payment of a re-rental fee of
16  $375.00 to cover the cost to re-rent premises.  The re-rental fee
17  will not be charged to Residents if all rents are paid to
18  expiration date of the Lease Agreement.  Owner agrees to make
19  diligent effort to re-rent the premises."

20      7.   The Lease also states: "(11.) OCCUPANTS. Premises shall
21  be occupied by 2 Adults and __ Children; the names and ages of
22  occupants are:  Wesley 28, Sherry 36, Alexandra 10.  Residents
23  understand that any changes to occupant list above, will require
24  the express written permission of Owner and Residents agree to
25  notify Owner's Agent immediately of any changes."

26      8.   The Lease states: "(29) HOLDING OVER. Any holding over

3

1 | after the expiration of the Lease Agreement, with consent of Owner,
2 | shall be construed as a month to month tenancy in accordance with
3 | the terms hereof, as applicable, until either party shall terminate
4 | the same by giving the other party a written 30 day notice,
5 | personally delivered or by certified mail."

6 | 9.   The Lease further states:  "(30) NOTICE TO MOVE.  It is
7 | agreed that Residents shall give Owner or Owner's Agent thirty (30)
8 | days advance notice, in writing, if the Residents intend to vacate
9 | the residence at the expiration of this lease and Owner or Agent
10 | will give Residents thirty (30) days advance notice, in writing,
11 | if the Owner wants the Residents to move at the expiration of the
12 | lease."

13 | 10.   The Lease also has a clause stating:  "(31.) NOTICES.
14 | Notice upon Residents shall be provided as by law.  Notice upon
15 | Owner shall be served on Owner's Agent, at the address given on
16 | page 6 of this Agreement or at any different address Owner or Agent
17 | may later designate for this purpose."  The address given on page
18 | 6 is "South Area Sacramento Office:  3353 Bradshaw Rd., Ste 226,
19 | Sac., CA 95827  (916) 366-1313."

20 | 11.   The Lease states:  "(32.) DEFAULT.  If Residents fail to
21 | pay rent when rent is due or perform any terms thereof, after not
22 | less than 3 days written notice of such default given in the manner
23 | required by law,  the Owner, at his/her option, may terminate all
24 | rights of Residents hereunder, unless Residents, within said time,
25 | shall cure such default.   If Residents abandon or vacate the
26 | property, while in default of the payment of rent, Owner may

4

1 consider the property left on the premises to be abandoned and may
2 dispose of the same in any manner allowed by law."

3    12.   The Lease further states: "(33)   ATTORNEYS FEES.   The
4 prevailing party in any legal action brought for the recovery of
5 rent or other monies due or to become due under this Lease
6 Agreement or by reason of a breach of any covenant, provision or
7 clause herein contained or for the recovery of possession of said
8 premises, or to compel the performance of anything agreed to be
9 done herein or to recover the damages to said property or to
10 enjoin, any act contrary to the provisions including, but not
11 limited to, shall be entitled to reasonable attorney fees and
12 costs.

13    13.   The  Lease also states:   "(40.) CREDIT RATING.   As
14 required by law, you are hereby notified that a negative credit
15 rating may be submitted to a credit reporting agency if you fail
16 to fulfill the terms of your credit obligation with us.   A negative
17 credit rating will appear on a credit report and may effect your
18 ability to borrow or rent in the future."

19    14.   In June 1999, Mr. Riley faxed to Budget Property
20 Management a document from his office at the Secretary of State,
21 which was confirmed by a facsimile transmission report.

22    15.   California Investors, Inc. ("California Investors") is
23 the successor to Budget Property Management.

24    16.   On or about February 14, 2001, Budget Property Management
25 posted a Notice of Change of Tenancy (60 days) regarding the
26 Grayling Way Property, which was addressed to Sherry Ahrens and all

5

1   others in possession of the premises, increasing the monthly rent
2   from $850 to $950 effective May 1, 2001.

3        17.   On August 10, 2004, an employee of California Investors
4   posted a three-day Notice to Pay Rent or Quit made out to Sherry
5   Ahrens and Wesley Riley and all others in possession on the door
6   of the Grayling Way Property, for rent due from July and August of
7   2004.   The Proof of Service on the bottom of the Notice to Pay Rent
8   or Quit is checked next to the language stating:   "I posted the
9   Notice in a conspicuous place on the door of the Resident's
10  residence and mailed a copy to the Resident as his place of
11  residence on 8-10 2004."

12       18.   Defendant Michele Giguiere is an attorney at law duly
13  licensed to practice before all courts in the State of California.
14  She was retained to commence an unlawful detainer action regarding
15  the Grayling Way Property in August, 2004.

16       19.   After Ms. Giguiere was retained to commence the unlawful
17  detainer action, she was provided with the lease, the Property
18  Management Agreement, The 3 Day Notice To Pay Rent or Quit and any
19  Change Of Terms, including The Change of Terms of Tenancy (60 days)
20  to Ms. Ahrens and to all others in possession of the premises,
21  which Ms. Giguiere considered to be a part of the rental agreement.

22       20.   On August 17, 2004, Ms. Giguiere commenced the first of
23  three unlawful detainer actions against Plaintiff and Ms. Ahrens,
24  entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*,
25  Sacramento County Superior Court, Case Number 04UD06252 to recover
26  possession of the property.

6

21. Ms. Giguiere retained a third party process server, Dina Gentile, to serve the Summons and Complaint upon Ms. Ahrens and Mr. Riley.

22. Sherry Ahrens was personally served with the Summons and Complaint on August 27, 2004. The process server left a copy of the Summons and Complaint for Mr. Riley with Ms. Ahrens at the Grayling Way Property and mailed a copy addressed to Mr. Riley at the Grayling Way Property.

23. Shortly thereafter, Ms. Ahrens contacted John Mullins of California Investors to discuss coming current on the rent in order to prevent the unlawful detainer action from proceeding further. She was advised that the owner was agreeable, but that Ms. Ahrens would need to pay the past due rent and all costs associated with commencing the unlawful detainer action via a cashier's check or certified funds, given that she had bounced two checks for rent in 2003. She agreed to do so.

24. On or about August 23, 2004, Mr. Riley loaned Ms. Ahrens $4,000 because she told him she was "in trouble."

25. On August 31, 2004, Ms. Ahrens presented California Investors with a cashier's check for $3,765.00 for the back due rent.

26. On November 10, 2004, John Mullins posted another Notice to Pay Rent or Quit on the door of the Grayling Way Property addressed to Mr. Riley and all others in possession, with a copy of the notice mailed to him at the Grayling Way Property.

27. A second unlawful detainer action was commenced by Ms.

7

1  Giguiere on November 22, 2004, entitled *Josephine Santos v. Wesley*
2  *Riley and Sherry Ahrens*, Sacramento County Superior Court, Case
3  Number 04UD08808.

4      28.  After several unsuccessful attempts to personally serve
5  Ms. Ahrens and Mr. Riley at the Grayling Way Property, the process
6  server effected substitute service on Ms. Ahrens by leaving a copy
7  of the Summons and Complaint with an occupant named Crystal Ostberg
8  and mailing copies of the Summons and Complaint to Ms. Ahrens. The
9  process server also left a copy of the Summons and Complaint for
10 Mr. Riley with Ms. Ostberg at the Grayling Way Property, and sent
11 copies addressed to him at the Grayling Way Property.

12     29.  Judgment was entered against Mr. Riley and Ms. Ahrens
13 ordering the Grayling property to be returned to the owner on or
14 around December 14, 2004

15     30.  On December 14, 2004, Ms. Giguiere mailed a copy of the
16 default judgment addressed to Ms. Ahrens and Mr. Riley at the
17 Grayling Way Property.

18     31.  On December 22, 2004, the sheriff posted a writ of
19 possession on the Grayling Way Property and mailed a copy of the
20 Return on Writ of Possession to the Grayling Way Property.

21     32.  On or around December 30, 2004, the lock out date, Ms.
22 Ahrens contacted John Mullins stating that she would come current
23 on the rent, but needed a few extra days to do so.

24     33.  On or about January 10, 2005, Ms. Ahrens presented
25 California Investors with 7 cashier's check totaling $3,500.
26 Shortly thereafter, Ms. Ahrens stopped payment on all of these

8

1 cashier's checks. Consequently, on January 18, 2005, John Mullins
2 posted a Notice to Pay Rent or Quit addressed to Wesley Riley and
3 Sherry Ahrens and all others in possession on the door of the
4 Grayling Way Property and mailed a copy to the Grayling Way
5 Property.

6     34. On January 24, 2005, Ms. Giguiere commenced a third
7 unlawful detainer action against Ms. Ahrens and plaintiff entitled
8 *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento
9 County Superior Court, Case Number 05UD00611, to recover possession
10 of the property.

11     35. On January 24, 2005, Ms. Giguiere sent a Service Request
12 Form to the process server stating, "OTHER INSTRUCTIONS: THIS IS
13 OUR THIRD EVICTION ON HER - SHE MAY HIDE!! ALSO WESLEY MAY NOT BE
14 AT HOUSE - DO A SUB SERVE ASAP IF NEED BE."

15     36. On February 2, 2005, Ms. Ahrens filed her answer to the
16 unlawful detainer action requesting 15 days to come current with
17 the rent. Ms. Ahrens also stated in her Answer that Mr. Riley had
18 not resided at the Grayling Way Property since December, 2000.

19     37. On February 16, 2005, the process server filed two Proofs
20 of Service. On the Proof of Service related to Ms. Ahrens, the
21 process server noted that Ms. Ahrens had been personally served
22 with the Summons and Complaint. On the Proof of Service related
23 to Mr. Riley, the process server marked that a copy of the Summons
24 and Complaint had been left with Ms. Ahrens for Plaintiff at the
25 Grayling Way Property, and that she had mailed a copy addressed to
26 him at the Grayling Way Property, on January 31, 2005.

9

1    38.   On February 16, 2005, Michele Giguiere signed a proof of
2  service stating that she had served Sherry Ahrens by mail with a
3  Request/Counter-Request to Set Case for Trial – Unlawful Detainer.

4    39.   On March 8, 2005, the unlawful detainer action went to
5  trial.   Ms. Ahrens was present and testified.   The Honorable
6  Commissioner Raoul Thorbourne, Judge Pro Tem presiding found in
7  favor of the owner, Ms. Santos and entered judgment.   The Court
8  also entered a default judgment against Mr. Riley in the amount of
9  $3,990.12 plus $222.30 in costs and $200 in attorney's fees, having
10  found that Mr. Riley was properly served with a copy of the summons
11  and complaint and failed to answer the complaint or appear and
12  defend the action within the time allowed by law.

13    40.   In January 2006, Mr. Riley obtained a copy of his credit
14  report in order to obtain a loan.   The credit report showed the
15  unlawful detainer judgment against him.

16    41.   On January 29, 2006, Mr. Riley wrote to Ms. Giguiere, in
17  which he stated that had just recently found out about the lawsuit
18  and default judgment.   The letter challenged the validity of the
19  debt, gives information and evidence as to why the default judgment
20  against Mr. Riley was improper.   Mr. Riley advises Ms. Giguiere
21  that he has consulted with an attorney, and advises that if she
22  does not correct the situation, he will hire an attorney, seek to
23  have the judgment set aside and his credit history made whole, and
24  will act to recover attorneys fees and/or punitive damages and any
25  other remedy available from Ms. Giguiere and/or her client.   Mr.
26  Riley asks for a response by February 14, 2006.

10

42. On February 2, 2006, Ms. Giguiere submitted an Abstract of Judgment with the Sacramento County Superior Court, which was signed by the clerk on February 3, 2006.

43. On February 10, 2006, the Abstract of Judgment was recorded with the Yolo County Recorder's Office.

44. Ms. Giguiere did not serve the Abstract of Judgment on Wesley Riley.

45. Ms. Giguiere did not take any steps to collect the judgment between March 8, 2005 and February 1, 2006.

46. Ms. Giguiere did not agree to set aside the Default Judgment against Mr. Riley in the *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 matter.

47. Mr. Riley thereafter filed a Motion to Set Aside Default Judgment in the matter of *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611.

48. Ms. Giguiere filed an Opposition to the Motion to Set Aside the Default, arguing that the default should remain in tact. The Motion to Set Aside the Default was heard on May 11, 2006. Ms. Giguiere was present to argue in opposition to the Motion to Set Aside the Default Judgment. The Honorable Judge William Gallagher, presiding, took the matter under submission. On May 12, 2006, the Court issued an Order Regarding Motion to Set Aside Default and the Default Judgment, stating: "Good cause having been established; IT IS HEREBY ORDERED that the Motion to Set Aside Default and Default

11

1   Judgment requested by Defendant WESLEY RILEY be GRANTED."   The
2   Court did not rule on the merits of the claims. The Order required
3   Mr. Riley to file an Answer to the Complaint with the court no
4   later than 4:00 p.m. on Monday, May 22, 2006.   The Order also
5   stated: "The clerk's office is directed to recall the Abstract of
6   Judgment issued by the Court on February 3, 2006."

7       49.   Mr. Riley's Answer to Complaint in *Josephine Santos v.*
8   *Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court,
9   Case Number 05UD00611 was filed and served on or around May 18,
10  2006.

11      50.   On May 19, 2006, Ms. Giguiere signed a Request for
12  Dismissal in the matter of *Josephine Santos v. Wesley Riley and*
13  *Sherry Ahrens*, Sacramento County Superior Court, Case Number
14  05UD00611, which was sent to the Sacramento County Superior Court
15  Clerk at some time thereafter, and by at least June 9, 2006.   The
16  Clerk entered the dismissal on June 9, 2006.   The Request for
17  Dismissal was not served on Plaintiff's counsel until July 17,
18  2006.

19      51.   On May 19, 2006, on the same day she signed the Request
20  for Dismissal, Ms. Giguiere wrote to Plaintiff's counsel.   Her
21  letter stated, "My clients are willing to dismiss the action at
22  this time and release the abstract of judgment as to your client
23  in exchange for a mutual release with no money being paid by either
24  party.   Please let me know if this is acceptable to your client.
25  If I have not heard from you by May 30, I will assume this is not
26  acceptable and will proceed with a memorandum to set the case for

12

1   trial."

2  52. On July 7, 2006, Plaintiff's counsel sent a responsive
3   letter to Ms. Giguiere. In the letter, Mr. Campbell outlined Mr.
4   Riley's position and prior request to set aside the default. The
5   letter concluded by stating that Mr. Riley had already incurred
6   attorneys fees and costs of suit in the amount of $7,019.20. Mr.
7   Campbell wrote, "My client will agree to a mutual general release
8   in exchange for immediate reimbursement of those expenses. This
9   offer of settlement will remain open until the close of business
10  ten days following the date of this letter, July 17. If not
11  accepted in writing before that time it will expire."

12  53. On July 10, 2006, counsel for Mr. Riley requested that
13  the unlawful detainer action be set for trial. On July 12, 2006,
14  the Court sent out a Notice of Time and Place for Trial in the
15  matter of *Josephine Santos v. Wesley Riley and Sherry Ahrens*,
16  Sacramento County Superior Court, Case Number 05UD00611, giving
17  notice that the trial had been set for August 11, 2006 at 9:00 a.m.
18  in Department 84 of the Carol Miller Justice Center.

19  54. Ms. Giguiere served the Notice of Entry of Dismissal and
20  Proof of Service and a copy of Request for Dismissal on Mr. Riley's
21  counsel on July 17, 2006. The Notice of Entry of Dismissal and
22  Proof of Service was filed on July 20, 2006.

23  55. Mr. Riley's counsel did not file a memorandum for costs
24  in the third unlawful detainer action for the approximately $200
25  spent for the initial appearance fee and $40 filing fee related to
26  the motion to set aside the default.

13

1   56. In or around August 2006, Mr. Riley received notice that
2   the UD Registry removed the derogatory item it placed on
3   Plaintiff's Credit reports regarding the unlawful detainer action.

4   57. Mr. Riley applied for a loan with Golden 1 Credit Union
5   in or around May of 2006, after he ran his credit report and
6   discovered the unlawful detainer judgment. He needed a loan to fix
7   his roof and ran the credit report in anticipation of applying for
8   the loan. Prior to applying for the loan, Mr. Riley was told by
9   a woman at Golden 1 that the loan would probably be denied. He
10  subsequently applied for the loan and it was denied.

11  58. On July 14, 2006, Ms. Giguiere recorded a Release of
12  Abstract of Judgment with the Yolo County Superior Court.

13          **IV. DISPUTED FACTUAL ISSUES**

14  1. Whether or not in November 1999, Mr. Riley and Ms. Ahrens
15  decided to end their relationship and agreed that Mr. Riley would
16  move out.

17  2. Whether or not in December, 1999, Mr. Riley spoke with
18  Budget Property Management employee Steve Ramirez, the Budget
19  employee with whom Mr. Riley had had all communications, regarding
20  terminating his tenancy.

21  3. Whether or not Mr. Riley and Steve Ramirez agreed that
22  Mr. Riley with would vacate the premises, but would remain on the
23  lease until the conclusion of the one-year lease.

24  4. Whether or not Mr. Riley wrote a letter to Budget
25  Property Management on December 6, 1999, confirming that he was
26  moving out of the Grayling Way Property as of January 1, 2000.

14

5.    Whether or not Mr. Riley ever faxed the letter December 6, 1999 letter to Budget Property Management, whether or not the transmission was received by Budget Property Management, and whether or not Mr. Riley confirmed by telephone call that the December 6, 1999 letter was received by Budget Property Management.

6.    Whether or not anyone from California Investors or its predecessor Budget Property Management was aware of, or had seen the December 6, 1999 letter, prior to February 2006.

7.    Whether or not Mr. Riley returned his keys to the Grayling Way Property to Budget Property Management's Bradshaw Road Office on or around December 6, 1999.

8.    Whether or not the Budget Property Management Office located at 3353 Bradshaw Road closed in or around November of 1999.

9.    Whether or not the Budget Property Management office located at 3353 Bradshaw Road was already closed on December 6, 1999, when Mr. Riley claims he sent the letter and left the keys.

10.   Whether or not Budget Property Management disconnected its telephone and facsimile lines to the Bradshaw Road office in or around November of 1999, when it claims it closed the Bradshaw Road office.

11.   Whether or not Budget Property Management ever gave Mr. Riley notice that the Budget Property Management address had changed.

12.   Whether or not Budget Property Management gave Josephine Santos notice that the Budget Property Management address had changed from Bradshaw Road.

15

13. Whether or not Mr. Riley ever obtained the Owner's or the Owner's Agent's permission to change occupants or terminate the Lease.

14. Whether or not Mr. Riley requested a copy of the new lease between Sherry Ahrens and Budget Property Management for the Grayling Way Property to confirm that he was off of the Lease at any time after moving out of the Grayling Way Property.

15. Whether or not Mr. Riley lived at the Grayling Way Property after December of 1999.

16. Whether or not Mr. Riley ever received a copy of the first Notice to Pay Rent or Quit addressed to Mr. Riley and Ms. Ahrens and all others in possession that was posted at the Grayling Way Property and mailed to the Grayling Way Property

17. Whether or not Mr. Riley was ever served with the Summons and Complaint in the first unlawful detainer action, entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 04UD06252.

18. Whether or not Mr. Riley ever received a copy of the second Notice to Pay Rent or Quit addressed to Mr. Riley and all others in possession that was posted at the Grayling Way Property by John Mullins and sent to the Grayling Way Property.

19. Whether or not Mr. Riley was ever served with the Summons and Complaint in the second unlawful detainer action commenced by Ms. Giguiere, on November 22, 2004, entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 04UD08808. 20. Whether or not Mr. Riley ever

16

1   received notice of the default judgment in the second unlawful
2   detainer action.

3       20.  Whether or not Mr. Riley ever received a copy of the
4   third Notice to Pay Rent or Quit addressed to Mr. Riley and Ms.
5   Ahrens and all others in possession, which was posted at the
6   Grayling Way Property by John Mullins and sent to the Grayling Way
7   Property.

8       21.  Whether or not Mr. Riley was ever served with the Summons
9   and Complaint in the third unlawful detainer action commenced by
10  Ms. Giguiere, on January 24, 2005, entitled *Josephine Santos v.*
11  *Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court,
12  Case Number 05UD00611.

13      22.  Whether or not Sherry Ahrens advised John Mullins or any
14  representative of California Investors that Wesley Riley did not
15  reside at the Grayling Way Property at any time after the initial
16  unlawful detainer action had been filed.

17      23.  Whether or not Sherry Ahrens or any other resident of the
18  Grayling Way Property advised the process server, Dina Gentile that
19  Wesley Riley did not reside at the Grayling Way Property at any
20  time when the process server attempted to serve Mr. Riley at the
21  Grayling Way Property.

22      24.  Whether or not Ms. Giguiere relies upon the information
23  provided by the process server as to whether service of process has
24  been effected.

25      25.  Whether or not Sherry Ahrens told Mr. Riley about the
26  first unlawful detainer action, or that he had been named as a

17

1 defendant, in August of 2004 when she asked to borrow $4000 from
2 Mr. Riley.

3      26.   Whether or not Sherry Ahrens advised Wesley Riley of any
4 of the three unlawful detainer actions.

5      27.   Whether or not the process server effected substitute
6 service on Mr. Riley for any of the three unlawful detainer actions
7 when she left the Summons and Complaint for Mr. Riley at the
8 Grayling Way Property and mailed copies of the Summons and
9 Complaint addressed to Mr. Riley at the Grayling Way Property.

10      28.   Whether or not Sherry Ahrens statement in her Answer to
11 the Complaint in the third unlawful detainer action stating that
12 Mr. Riley had not lived at the Grayling Way Property since
13 December, 2000, was credible.

14      29.   Whether or not Sherry Ahrens testified under oath at the
15 trial of the third unlawful detainer action on March 8, 2005 that
16 Mr. Riley was aware of the unlawful detainer action.

17      30.   Whether or not Sherry Ahrens ever advised Mr. Riley that
18 a judgment had been entered against him after the March 8, 2005
19 trial.

20      31.   Whether or not Mr. Riley ever received notice of the
21 default judgment in the third unlawful detainer action.

22      32.   Whether or not Michele Giguiere properly served Mr. Riley
23 with the notice of the default judgment relating to the third
24 unlawful detainer action.

25      33.   Whether or not Mr. Riley was aware of the default
26 judgment against him prior to January, 2006.

18

34.  Whether or not Ms. Giguiere knew or had reason to believe or reason to know that Mr. Riley did not reside at the Grayling Way Property at any time.

35.  Whether or not it is reasonable for Ms. Giguiere to rely upon the information and documentation provided to her by her client, California Investors, in commencing the unlawful detainer actions and determining who resided at the Grayling Way Property.

36.  Whether or not Ms. Giguiere's Service Request Form to the process server stating, "OTHER INSTRUCTIONS:  THIS IS OUR THIRD EVICTION ON HER - SHE MAY HIDE!!  ALSO WESLEY MAY NOT BE AT HOUSE - DO A SUB SERVE ASAP IF NEED BE," indicates that Ms. Giguiere knew or had reason to know or reason to believe that Mr. Riley no longer resided at the Grayling Way Property.

37.  Whether or not Ms. Giguiere had Mr. Riley's business address where he could have been served with notice of process.

38.  Whether or not Ms. Giguiere is a debt collector for purposes of the Fair Debt Collection Practices Act.

39.  Whether or not Ms. Giguiere has performed any debt collection work for California Investors, Budget Property Management, or Josephine Santos.

40.  Whether or not Ms. Giguiere's law practice is predominately debt collection work, including her unlawful detainer work.

41.  Whether or not in her law practice, Ms. Gigiuere regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed by another.

19

1    42. Whether or not seeking back due rent, costs and
2    attorney's fees by Ms. Giguiere against Mr. Riley as permitted by
3    the Lease in the third unlawful detainer action was unfair or
4    unconscionable where Mr. Riley claims that he had not lived at the
5    Grayling Way Property since 1999, claims that he did not have
6    notice of the unlawful detainer action, and claims that Ms.
7    Giguiere knew or had reason to know that he no longer resided at
8    the Grayling Way Property.

9    43. Whether or not Ms. Giguiere actions on March 8, 2005 in
10   seeking a default judgment based on Mr. Riley's alleged failure to
11   answer in the third unlawful detainer action, Case Number
12   05UD00611, were harassing, oppressive or abusive.

13   44. Whether or not Ms. Giguiere took any action to enforce
14   the March 8, 2005 default judgment.

15   45. Whether or not Ms. Giguiere's acts to record the Abstract
16   of Judgment in February of 2006, based upon the default judgment
17   obtained in the third unlawful detainer action in March of 2005
18   were actions to collect a debt.

19   46. Whether or not Ms. Giguiere's acts to record the Abstract
20   of Judgment in February of 2006, based upon the default judgment
21   obtained in the third unlawful detainer action in March of 2005
22   were harassing, oppressive or abusive.

23   47. Whether or not Ms. Giguiere's refusal to set aside the
24   default and default judgment after receiving Mr. Riley's January
25   29, 2006 letter was harassing, oppressive or abusive.

26       48. Whether or not filing an Opposition to Mr. Riley's Motion

                                    20

1  to Set Aside Default and Default Judgment was an action to collect
2  a debt.

3      49.   Whether or not filing an Opposition to Mr. Riley's Motion
4  to Set Aside Default and Default Judgment was harassing, oppressive
5  or abusive.

6      50.   Whether or not Ms. Giguiere's failure to serve Mr.
7  Riley's counsel with the Request for Dismissal until July 17, 2006
8  was harassing, oppressive or abusive.

9      51.   Whether or not Ms. Giguiere's voluntary dismissal of the
10  unlawful detainer lawsuit was done for the purpose of depriving Mr.
11  Riley of the opportunity for a determination that he was the
12  prevailing party and to preclude him from the ability to recovery
13  his legal fees and costs.

14      52.   Whether or not Ms. Giguiere's voluntary dismissal of the
15  unlawful detainer lawsuit, depriving Mr. Riley of prevailing party
16  attorney's fees and costs, was harassing, oppressive or abusive.

17      53.   Whether or not Mr. Riley's failure to file a motion for
18  the costs associated with the first appearance fee and the motion
19  to set aside the default, for approximately $200, was a failure to
20  mitigate damages, when Mr. Riley would have incurred attorneys fees
21  and a filing fee for said motion for costs.

22      54.   If Ms. Giguiere is a debt collector, whether or not the
23  FDCPA imposes a duty upon a debtor collector to independently
24  investigate the debt owed.

25      55.   Whether or not Ms. Giguiere  maintains any procedures
26  that are reasonably designed to avoid errors.

21

1    56.   Whether or not Mr. Riley discovered the default judgment
2 in January of 2006, when he ran a credit check, and whether or not
3 this was the first notice he had of any of the unlawful detainer
4 action, including the lawsuit entitled *Josephine Santos v. Wesley*
5 *Riley and Sherry Ahrens*, Sacramento County Superior Court, Case
6 Number 05UD00611.

7    57.   Whether or not Ms. Giguiere knew about the Lease clause
8 stating: "(40.) CREDIT RATING. As required by law, you are hereby
9 notified that a negative credit rating may be submitted to a credit
10 reporting agency if you fail to fulfill the terms of your credit
11 obligation with us.  A negative credit rating will appear on a
12 credit report and may effect your ability to borrow or rent in the
13 future."

14    58.   Whether or not Ms. Giguiere reported plaintiff to any
15 credit reporting agency or UD Registry.

16    59.   Whether or not Ms. Giguiere knew that the Default
17 Judgment would be picked up by a credit reporting agency, whether
18 or not she actually reported it.

19    60.   Whether the judgment from the unlawful detainer action
20 has been on Mr. Riley's credit report since March, 2005 and when
21 he first became aware of it.

22    61.   Whether Mr. Riley spent months working with credit
23 reporting companies attempting to clear the *Josephine Santos v.*
24 *Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court,
25 Case Number 05UD00611 matter from his credit report.

26    62.   Whether or not First Advantage SafeRent, formerly known

22

1   as The U.D. Registry removed its derogatory item from Mr. Riley's
2   credit report in May of 2006.

3       63.   Whether on June 2, 2006, Mr. Riley was advised by Karen
4   Dighton of Golden 1 Credit Union that his equity loan application
5   was being denied because the collection needed to be paid first.

6       64.   Whether Mr. Riley was denied credit from Golden 1 Credit
7   Union for reasons other than the derogatory item on his credit
8   report concerning the underlying default judgment.

9       65.   Whether or not the unlawful detainer default judgment
10  against Plaintiff was a substantial factor in the Golden 1 Credit
11  Union denying his loan application.

12      66.   Whether or not the Property Management Agreement between
13  Ms. Santos and Budget Property Management also states "(11) Any
14  written notice to Owner or Agent required under this agreement
15  shall be served by sending such notice by mail or by personal
16  delivery, respectively, at the address on the last page of this
17  agreement or any different address which the parties may later
18  designate for this purpose."

19      67.   Whether or not Ms. Giguiere had no further communications
20  with Mr. Riley, indirectly through the courts, regarding this
21  matter after receiving his January 29, 2006 letter.

22      68.   Whether or not Mr. Riley's counsel's hourly rate relating
23  to the third unlawful detainer action was $200 per hour.

24  **V.   NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION**

25      Defendant filed a summary judgment motion, which the court
26  granted in part and denied in part on February 14, 2008.

23

1

## VI.  DISPUTED EVIDENTIARY ISSUES

2     Plaintiff plans to introduce evidence of defendant's course
3 of conduct relating to this action, including conduct that falls
4 outside of the statute of limitations period and other conduct
5 that could not be the basis for defendant's liability, for the
6 purpose of showing defendant's state of mind.  Defendant objects
7 all the same.

8     Defendant presents several disputed evidentiary issues as
9 follows:

10     1.   Whether plaintiff should be precluded from testifying
11 that the letter he purportedly sent to Budget Property Management
12 on December 7, 1999 by fax and that said fax was, in fact, received
13 by Budget, absent a facsimile transmission page confirming receipt?
14 This should be resolved by an in limine motion.

15     2.   Whether plaintiff should be permitted to testify
16 regarding any communications and loan applications submitted to
17 Golden 1 Credit Union when none of the loan documents have been
18 provided to date nor has plaintiff provided the identity of any
19 person he communicated with at Golden 1 Credit Union in violation
20 of Rule 26.  This should be resolved by an in limine motion.

21     3.   Whether plaintiff should be permitted to offer any
22 documentary evidence in support of his claims outside of those
23 documents produced in response to Defendant's Request for
24 Production, Set One, as plaintiff did not provide any Rule 26
25 disclosures.  This should be resolved by an in limine motion.

26

24

1    4.    Whether plaintiff should be precluded from offering any
2  percipient witness testimony from anyone other than himself for
3  failing to provide a Rule 26 disclosure.  This should be resolved
4  by way of an in limine motion.

5    5.    Whether the tape recorded hearing in the underlying
6  unlawful detainer action wherein Sherry Ahrens stated under oath
7  that plaintiff Wesley Riley was aware of the third unlawful
8  detainer action is admissible when Ms. Ahrens cannot be located?
9  This should be resolved by way of an in limine motion.

10    6.    Whether communications between Ms. Giguiere and Budget
11  Property Management and/or Josephine Santos are privileged?  This
12  should be briefed in a trial brief.

13    7.    Whether plaintiff is entitled to seek statutory damages
14  for each perceived violation of the FDCPA or are the statutory
15  damages not to exceed $1,000 for the entire claim regardless of the
16  number alleged violations? This should be briefed in trial briefs.

17    8.    Whether plaintiff should be precluded from offering
18  testimony regarding any perceived lack of validation by Ms.
19  Giguiere pursuant to 15 U.S.C. § 1692k(g) when no claimed violation
20  of said section has been alleged in the First Amended Complaint?
21  This should be resolved by an in limine motion.

22    9.    Whether plaintiff should be precluded from offering any
23  evidence of the alleged violations of the FDCPA that occurred
24  outside the jurisdictional limitations period?  This should be
25  resolved by way of motion in limine.

26

25

1    10.   Whether plaintiff should be precluded from offering any
2  testimony regarding his perceived emotional distress when Ms.
3  Giguiere's counsel was precluded from inquiring into any other
4  stressors in plaintiff's life that may have caused or contributed
5  to the alleged emotional distress.   This should be resolved by
6  motion in limine.

7    11.   Whether or not any alleged statements made by Steve at
8  Budget Property Management in December 1999 are admissible.   This
9  should be resolved by way of motion in limine.

10   12.   Whether Ms. Giguiere's opposing the motion to set aside
11  the default judgment in the unlawful detainer action is admissible.
12  Ms. Giguiere's position is that this is not relevant as this
13  conduct does not amount to collection of a debt under the FDCPA.
14  This should be briefed ion a trial brief.

15   13.   Whether plaintiff should be permitted to offer any
16  evidence about his lost income when no documents were ever produced
17  and he could not articulate any such damage in his deposition.
18  This should be resolved by motion in limine.

19   14.   Whether plaintiff may seek incidental and consequential
20  damages as articulated in his pre-trial statement but never
21  testified to nor requested in his complaint.   This should be
22  resolved by motion in limine.

23   15.   Whether statements attributed to Sherry Ahrens are
24  admissible.   This should be resolved by trial briefs.

25   16.   Whether communications between Ms. Giguiere and William
26  Martin, owner of Budget Property Management and California

26

1  Investors are privilege now that Mr. Martin is deceased. This
2  should be resolved by trial briefs.

3      The parties are to bring on motions in limine not later than
4  twenty (20) days thereafter on the ordinary court schedule. The
5  matter to be heard on September 22, 2008 at 10:00 a.m.

6           **VII. SPECIAL FACTUAL INFORMATION**

7  None.

8              **VIII. RELIEF SOUGHT**

9      Plaintiff seeks economic damages, statutory damages and
10 attorneys' fees.

11               **IX. POINTS OF LAW**

12     (a) The elements, standards, and burdens of proof of a
13 claim for violation of Fair Debt Collection Practices Act, 15
14 U.S.C. § 1692.

15     (b) The elements, standards, and burdens of proof relative
16 to a claim for attorneys' fees thereunder.

17     ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY
18 ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME
19 IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

20               **X. ABANDONED ISSUES**

21 None.

22                **XI. WITNESSES**

23     Plaintiff anticipates calling the following witnesses:
24 See attachment "A".
25     Defendant anticipates calling the following witnesses:
26 See attachment "B".

27

1   Each party may call a witness designated by the other.

2   Each party is permitted to file and serve an amended

3   witness list no later than sixty (60) days from the date of this

4   order.

5   A.   No other witnesses will be permitted to testify

6   unless:

7   (1)   The party offering the witness demonstrates that the

8   witness is for the purpose of rebutting evidence which could not

9   be reasonably anticipated at the Pretrial Conference, or

10   (2)   The witness was discovered after the deadline stated

11   above and the proffering party makes the showing required in "B"

12   below.

13   B.   Upon the post-Pretrial discovery of witnesses, the

14   attorney shall promptly inform the court and opposing parties of

15   the existence of the unlisted witnesses so that the court may

16   consider at trial whether the witnesses shall be permitted to

17   testify.   The evidence will not be permitted unless:

18   (1)   The witnesses could not reasonably have been

19   discovered prior to Pretrial;

20   (2)   The court and opposing counsel were promptly

21   notified upon discovery of the witnesses;

22   (3)   If time permitted, counsel proffered the

23   witnesses for deposition;

24   (4)   If time did not permit, a reasonable summary of

25   the witnesses' testimony was provided opposing counsel.

26   ///

28

1

## XII.  EXHIBITS, SCHEDULES AND SUMMARIES

2    At present, plaintiff contemplates the following by way of
3 exhibits:  See attachment "C".

4    At present, defendant contemplates the following by way of
5 exhibits:  See attachment "D".

6    Each party is permitted to file and serve an amended
7 exhibit list no later than sixty (60) days from the date of this
8 order.

9    A.   No other exhibits will be permitted to be introduced
10 beyond that date unless:

11        (1)  The party proffering the exhibit demonstrates
12 that the exhibit is for the purpose of rebutting evidence which
13 could not be reasonably anticipated at the Pretrial Conference,
14 or

15        (2)  The exhibit was discovered after the deadline
16 stated above and the proffering party makes the showing required
17 in paragraph "B," below.

18    B.   Upon the post-Pretrial discovery of exhibits, the
19 attorneys shall promptly inform the court and opposing counsel
20 of the existence of such exhibits so that the court may consider
21 at trial their admissibility.  The exhibits will not be received
22 unless the proffering party demonstrates:

23        (1)  The exhibits could not reasonably have been
24 discovered prior to Pretrial;

25        (2)  The court and counsel were promptly informed of
26 their existence;

29

1        (3)   Counsel forwarded a copy of the exhibit(s) (if
2  physically possible) to opposing counsel.  If the exhibit(s) may
3  not be copied, the proffering counsel must show that he has made
4  the exhibit(s) reasonably available for inspection by opposing
5  counsel.

6        As to each exhibit, each party is ordered to exchange
7  copies of the exhibit not later than fifteen (15) days from the
8  date of this Pretrial Order.  Each party is then granted ten
9  (10) days to file with the court and serve on opposing counsel
10 any objections to said exhibits.  In making said objections, the
11 party is to set forth the grounds for the objection.  As to each
12 exhibit which is not objected to, it shall be marked and
13 received into evidence and will require no further foundation.
14 Each exhibit which is objected to will be marked for
15 identification only.

16       In addition to electronically filing said objections, if
17 any, the objections must be submitted by email, as an attachment
18 in Word or WordPerfect format, to: arivas@caed.uscourts.gov.

19       The attorney for each party is directed to appear before
20 and present an original and one (1) copy of said exhibit to Ana
21 Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the
22 date set for trial.  All exhibits shall be submitted to the
23 court in binders.  Plaintiff's exhibits shall be listed
24 numerically.  Defendant's exhibits shall be listed
25 alphabetically.  The parties shall use the standard exhibit
26

                                30

1  stickers provided by the court:  pink for plaintiff and blue for
2  defendant.

3  ## XIII.  DISCOVERY DOCUMENTS

4  The parties shall forward to each other and the court
5  within ten (10) days those portions of discovery documents that
6  they intend to introduce in trial in their case-in-chief.

7  ## XIV.  FURTHER DISCOVERY OR MOTIONS

8  The court will reopen discovery for a period of forty-five
9  (45) days.

10  ## XV.  STIPULATIONS

11  None.

12  ## XVI.  AMENDMENTS/DISMISSALS

13  None.

14  ## XVII.  FURTHER TRIAL PREPARATION

15  A.  Counsel are directed to Local Rule 16-285 regarding
16  the contents of and the time for filing trial briefs.

17  B.  Counsel are informed that the court has prepared a set
18  of standard jury instructions.  In general, they cover all
19  aspects of the trial except those relating to the specific
20  claims of the complaint.  Accordingly, counsel need not prepare
21  instructions concerning matters within the scope of the prepared
22  instructions.  A copy of the prepared instructions is given to
23  the parties at the Pretrial Conference.

24  B.  For all cases tried to the court, counsel are ordered
25  to file and serve Proposed Findings of Fact and Conclusions of

26

31

1 Law not later than ten (10) days prior to the first date of
2 trial.

3    C.   Counsel are further directed that their specific jury
4 instructions shall be filed fourteen (14) calendar days prior to
5 the date of trial.  As to any instructions counsel desires to
6 offer, they shall be prepared in accordance with Local Rule 51-
7 163(b)(1) which provides:

8    "Two copies of the instructions shall be submitted.
9    One copy shall be electronically filed as a .pdf
10   document and shall contain each instruction on a
11   separate page, numbered and identified as to the party
12   presenting it. Each instruction shall cite the
13   decision, statute, ordinance, regulation or other
14   authority supporting the proposition stated in the
15   instruction."

16   The second copy ("jury copy") shall be submitted by e-mail
17 to lkkorders@caed.uscourts.gov.

18   **In addition, counsel shall provide copies of proposed forms**
19 **of verdict, including special verdict forms, at the time the**
20 **proposed jury instructions are filed with the court.**

21   D.   It is the duty of counsel to ensure that any
22 deposition which is to be used at trial has been filed with the
23 Clerk of the Court.  Counsel are cautioned that a failure to
24 discharge this duty may result in the court precluding use of
25 the deposition or imposition of such other sanctions as the
26 court deems appropriate.

32

1   E.    The parties are ordered to file with the court and
2   exchange between themselves not later than one (1) week before
3   the trial a statement designating portions of depositions
4   intended to be offered or read into evidence (except for
5   portions to be used only for impeachment or rebuttal).

6   F.    The parties are ordered to file with the court and
7   exchange between themselves not later than one (1) week before
8   trial the portions of answers to interrogatories which the
9   respective parties intend to offer or read into evidence at the
10  trial (except portions to be used only for impeachment or
11  rebuttal).

12  G.    The court has extensive audiovisual equipment
13  available.  Any counsel contemplating its use shall contact the
14  court's Telecommunications Manager, Andre Carrier, at (916) 930-
15  4223, at least two weeks in advance of trial to receive the
16  appropriate training.

17                **XVIII.    SETTLEMENT NEGOTIATIONS**

18       A Settlement Conference is **SET** before the Honorable Dale A.
19  Drozd, United States District Magistrate Judge, on September 18,
20  2008 at 10:00 a.m.  Counsel are directed to submit settlement
21  conference statements to the settlement judge **not later than**
22  **seven (7) days prior to the conference.**  At counsel's option,
23  such statements may be submitted in confidence pursuant to Local
24  Rule 16-270(d).

25       Each party is directed to have a principal capable of
26  disposition at the Settlement Conference or to be fully

                              33

1 | authorized to settle the matter on any terms and at the
2 | Settlement Conference.

3 | **XIX.   AGREED STATEMENTS**

4 | None.

5 | **XX.   SEPARATE TRIAL OF ISSUES**

6 | None.

7 | **XXI.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**

8 | None.

9 | **XXII.   ATTORNEYS' FEES**

10 | Both parties seek attorneys' fees.

11 | **XXIII.   MISCELLANEOUS**

12 | None.

13 | **XXIV.   ESTIMATE OF TRIAL TIME/TRIAL DATE**

14 | The matter is continued for trial to November 4, 2008 at
15 | 10:30 a.m., in Courtroom No. 4.  The parties represent in good
16 | faith that the trial will take approximately five (5) days.

17 | Counsel are to call Ana Rivas, Courtroom Deputy, at (916)
18 | 930-4133, one week prior to trial to ascertain status of trial
19 | date.

20 | **XXV.   OBJECTIONS TO PRETRIAL ORDER**

21 | Each party is granted fifteen (15) days from the effective
22 | date of this Pretrial Order [Tentative] to object to or augment
23 | same.  Each party is also granted five (5) days thereafter to
24 | respond to the other party's objections.  If no objections or
25 | additions are made, the Tentative Pretrial Order will become
26 | final without further order of the court.

34

1    The parties are reminded that pursuant to Federal Rule of
2  Civil Procedure 16(e), this order shall control the subsequent
3  course of this action and shall be modified only to prevent
4  manifest injustice.

5                      **XXVI.   OTHER**

6    All time limits and dates that refer to the Pretrial Order
7  refer to the date this Pretrial Order [Tentative] is filed and
8  not the date an amended order, if any, is filed.

9    IT IS SO ORDERED.

10   DATED: July 9, 2008.

12
13                            LAWRENCE K. KARLTON
                              SENIOR JUDGE
14                            UNITED STATES DISTRICT COURT

35

**Wesley Riley v. Michele Giguiere**
US District Court Eastern District
Case No. **CV 021266 – LKK - KJM**

### Plaintiff Separate Pretrial Conference Statement
### Attachment No. 1

## PLAINTIFF'S WITNESSES

### A.   Witnesses Plaintiff Wesley Riley Expects to Present

1.   Plaintiff Wesley Riley
     2344 Manchester Street
     West Sacramento, CA 95691

Mr. Riley will testify regarding the lease he executed for the Grayling Way Property, termination of his occupancy and tenancy, correspondence that he had with Budget Property Management, how and when he found out about the unlawful detainer actions and the judgment in Sacramento County Superior Court Case No. 05UD00611, correspondence with Michele Giguiere. He will testify regarding steps he took to clear his credit and will testify regarding Ms. Giguiere's improper collection practices against him and the effects of those improper collection practices on Mr. Riley. He will also testify about the nature and extent of his damages.

2.   Defendant Michele Giguiere
     4811 Chippendale Dr., Suite 702
     Sacramento, CA, 95841

Ms. Giguiere will testify regarding her law practice and collection practices, regarding the three unlawful detainer actions she filed against Mr. Riley, including service of process of the three unlawful detainer actions, and actions she took after receiving Mr. Riley's January 29, 2006 letter. Ms. Giguiere will testify regarding any investigation she performed regarding Mr. Riley's residency and any investigation to locate him, her knowledge that he may not be at the Grayling Way Property, submitting the Abstract of Judgment to be signed by the Sacramento County Court Clerk, submitting the Abstract of Judgment to be recorded by the Yolo County Recorder's Office, failure to serve the Abstract of Judgment, and opposition to Plaintiff's Motion to Set Aside Default. Ms. Giguiere will testify regarding submitting the Request for Dismissal of the third unlawful detainer action (Case Number 05UD00611), failure to serve the dismissal and regarding the letter to Mark Campbell stating she will set matter 05UD00611 for trial despite submitting the Request for Dismissal the same day.

3.   John Mullins
     California Investment, Inc.
     4811 Chippendale Dr., Suite 901
     Sacramento, CA, 95841

*ATTACHMENT "A"*

Mr. Mullins will testify regarding service of the Notice to Pay Rent or Quit and regarding the original lease and subsequent lease documents regarding Mr. Riley and Mrs. Ahrens' respective tenancies at the Grayling Way Property. Mr. Mullins will testify regarding his dealings with tenants and occupants of the Grayling Way Property, correspondence regarding the Grayling Way Property and rent payments for the Grayling Way Property. Mr. Mullins will also testify regarding what procedures were taken, if any, to investigate who resided at the Grayling Way Property at the time of each of the Notices to Pay Rent or Quit were issued and when each unlawful detainer commenced.

4.     Sandy Mullins
       California Investment, Inc.
       4811 Chippendale Dr., Suite 901
       Sacramento, CA, 95841

Ms. Mullins will testify regarding the Budget Property Management office at Bradshaw Road and will testify regarding Budget Property Management employee "Steve."

## B.     Witnesses Plaintiff Wesley Riley May Call to Testify:

5.     Sherry Ahrens
       Address unknown

Ms. Ahrens will testify regarding when Mr. Riley moved out of the Grayling Way Property, regarding payment of rent, correspondence with Budget Property Management and California Investors, Inc., whether she ever advised Mr. Riley of the unlawful detainer actions or the notices to pay rent or quit, her Answer to the Complaint in Case Number 05UD00611, her testimony that is tape recorded that Defendant relies upon regarding statements of what Mr. Riley may or may not have known, and regarding a loan she requested of him for $4000.

6.     Former Budget Property Management employee "Steve"
       Address unknown

Steve will testify regarding Wesley Riley's communications with him regarding terminating his occupancy and terminating his tenancy at the Grayling Way Property, regarding the December 6, 1999 confirming letter and return of keys, regarding closure of the Bradshaw Road office, and regarding the Notice of Change of Terms of Tenancy to Sherry Ahrens that he executed on February 14, 2001.

7.     Karen Dighton
       Equity Lending Department
       Golden 1 Credit Union

Ms. Dighton will testify regarding Mr. Riley's loan application and denial of his loan by Golden 1 Credit Union due to judgment.

1  William A. Munoz - 191649
   Kerri Ruzicka - 222706
2  MURPHY, PEARSON, BRADLEY & FEENEY
   701 University Avenue, Suite 150
3  Sacramento, CA 95825
   Telephone:   (916) 565-0300
4  Facsimile:   (916) 565-1636

5  Attorneys for Defendant
   MICHELE GIGUIERE
6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                                  SACRAMENTO

11 | WESLEY RILEY,                          | Case No.: CIV S-06-2126-LKK-KJM

12 |           Plaintiff,                   | DEFENDANT MICHELE GIGUIERE'S
   |                                         | PROPOSED WITNESS LIST
13 |                                         |
   | v.                                      | Date:        June 9, 2008
14 |                                         | Time:        3:30 p.m.
   |                                         | Courtroom:   4
15 |                                         | Honorable Lawrence K. Karlton
   | MICHELE GIGUIERE, BUDGET PROPERTY      |
16 | MANAGEMENT, INC.; CAL. INVESTORS,      |
   | INC.; WILLIAM T. MARTIN, CALIFORNIA    |
17 | INVESTOR and CALIFORNIA INVESTORS,     |
   |                                         |
18 |                                         |
   |           Defendants.                   |
19 |                                         |

20

21     Defendant MICHELE GIGUIERE may call the following witnesses at trial of this matter:

22     1.     **Defendant Michele Giguiere** – Ms. Giguiere will testify regarding her areas of law

23 practice, the handling of the underlying unlawful detainer actions, the information that she relied upon

24 in pursuing said actions, her lack of knowledge of plaintiff moving out of the Grayling Way property,

25 communications with plaintiff's counsel, the March 8, 2005 hearing in the underlying unlawful

26 detainer action, and circumstances surrounding the dismissal of the underlying matter.

27     2.     **Plaintiff Wesley Riley** – Mr. Riley will testify regarding his relationship with Sherry

28 Ahrens, his residence at the Grayling Way property, his purported notice to Budget Property

- 1 -

1  Management in December 1999 and discussions with "Steve" regarding the same, his purported lack
2  of notice or knowledge about the unlawful detainer actions, loaning Sherry Ahrens money to pay the
3  past due rent for the Grayling Way property in 2004, the loan he purportedly applied for and was
4  denied due to the judgment against him on his credit report from the unlawful detainer action, his
5  purported emotional distress and damages arising from Ms. Giguiere's alleged wrongful conduct.

6       3.    **John Mullins**, 4811 Chippendale Avenue, Suite 901, Sacramento, CA 95841 – will
7  testify to the Three Day Notices that he served on the Grayling Way property in 2004 and 2005, the
8  fact that none of the Three Day Notices were returned, his discussion with Sherry Ahrens about
9  coming current on the past due rent each time an unlawful detainer action was filed and the lack of any
10  mention of Plaintiff and that fact that he was ostensibly not living at the property at the time, Budget
11  Property Management/California Investors' policies and procedures regarding early termination of
12  leases and contents of property files maintained by Budget Property Management/California Investors
13  and the Grayling Way property in particular, his knowledge of when the Budget Property Management
14  office located on Bradshaw Road closed, and the March 8, 2005 hearing in the underlying unlawful
15  detainer action regarding statements by Sherry Ahrens concerning plaintiff's knowledge of the
16  proceedings.                                                                      .

17      4.    **Sandy Mullins**, 4811 Chippendale Avenue, Suite 901, Sacramento, CA 95841 – will
18  testify to her time working with Budget Property Management at its Bradshaw office, maintenance of
19  property files and contents thereof, the lack of any documentation in the file indicating that plaintiff
20  moved out of the Grayling Way property in 1999, the timing of the closure of the Bradshaw office, and
21  Budget Property Management/California Investors' policies and procedures concerning early
22  termination of leases.

23      5.    **Sherry Ahrens** – Address unknown - Ms. Ahrens may testify regarding plaintiff's
24  residence at the Grayling Way property, what information she communicated to Budget Property
25  Management/California Investors, if any, concerning plaintiff purportedly moving out of the property,
26  plaintiff's knowledge of the underlying unlawful detainer actions and subsequent judgment against her
27  and plaintiff.

28      6.    **Karen Dighton**, Equity Lending Department, Golden 1 Credit Union – Assuming this

-2-

1   Court permits Ms. Dighton to testify, it is anticipated that Ms. Dighton will testify that the judgment on
2   plaintiff's credit report was not the only basis for denying his loan application. It is anticipated that
3   she will further testify that plaintiff received the same interest rate that he locked in before the loan was
4   denied after he cleared up all deficiencies noted by Golden 1.

5       7.      **Mark Campbell**, Murphy, Campbell Guthrie & Alliston, 8801 Folsom Blvd., Suite
6   230, Sacramento, CA 95826 – Mr. Campbell will testify to his lack of any communication with Ms.
7   Giguiere regarding the underlying matter, whether he was deceived by communication or pleading
8   prepared by Ms. Giguiere in the underlying matter, what measures, if any, were undertaken by Mr.
9   Campbell to address Ms. Giguiere's purportedly frivolous opposition to the motion to set aside the
10  default judgment, and his failure to seek litigation costs incurred by plaintiff in the underlying matter
11  after the case was voluntarily dismissed against plaintiff.

12      8.      **Gail**, U.D. Registry, P.O. Box 9140, Van Nuys, CA 91409 – Gail will testify about the
13  reporting of the judgment against Plaintiff by UD Registry, the fact that Ms. Giguiere did not report the
14  judgment, and when the judgment was removed from Plaintiff's credit report.

15      9.      **Mark Rapesha**, db Ronk & Company, 2600 X Street, Sacramento, CA 95818 – Mr.
16  Rapesha will testify to the efforts to locate Sherry Ahrens for purposes of establishing that Ms. Ahrens
17  is an unavailable witness for purposes of overcoming any hearsay objection to statements attributed to
18  Ms. Ahrens.

19      10.     **Josephine Santos**, 645 North 19th Street, San Jose, CA 95112 – Ms. Santos is the
20  owner of the Grayling Way property in question and plaintiff in the underlying unlawful detainer
21  actions. She will testify that she did not consent to releasing plaintiff from the lease in question and
22  otherwise allowed Budget Property Management/California Investors to handle all management
23  decisions regarding the property.

24      11.     **Steve Ramirez**, 9121 Thilow Drive, Sacramento, CA 95826 – Mr. Ramirez may testify
25  as to any communications or correspondence between him and Wesley Riley regarding early
26  termination of the lease for the Grayling Way property, his authority, or lack thereof, to agree/consent
27  to such early termination, Budget Property Management/California Investors policies and procedures
28  regarding early termination of leases, and closure of the Budget Property Management Bradshaw Road

- 3 -

1  office.

2  Dated: June 2, 2008

                                    MURPHY, PEARSON, BRADLEY & FEENEY
3

4

5                                   By _____/s/_____
                                        William A. Munoz
6                                       Attorneys for Defendant
                                        MICHELE GIGUIERE
7

8
   WAM.10422965.doc
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          - 4 -

1

## CERTIFICATE OF SERVICE

2

I, the undersigned, certify that the above and foregoing instrument was electronically filed with

3

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

4

following:

5

**DEFENDANT MICHELE GIGUIERE'S PROPOSED WITNESS LIST**

6

Mark A. Campbell                                         Plaintiff's Counsel

7  Murphy Campbell, Guthrie & Alliston
   8801 Folsom Blvd. No. 230
8  Sacramento, CA 95826

9

Dated this 2nd day of June, 2008 at Sacramento, California.

10

11

                                                    /s/
12                                          William A. Munoz

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

DEFENDANT MICHELE GIGUIERE'S PROPOSED WITNESS LIST **Error! Reference source not found.**

**Wesley Riley v. Michele Giguiere**
US District Court Eastern District
Case No. **CV 021266 – LKK - KJM**


## Plaintiff Separate Pretrial Conference Statement
## Attachment No. 2 (Amended)


## PLAINTIFF'S EXHIBIT LIST

| Trial Ex # | Doc Date | Doc Title |
|---|---|---|
| Ex. 1 | 2/1/95 | Property Management Agreement |
| Ex. 2 | 5/21/99 | Residential Lease Agreement |
| Ex. 3 | 5/21/99 | Property Inspection Report |
| Ex. 4 | 6/8/99 | Kathleen Connell CA State Controller Facsimile Cover Sheet and verification |
| Ex. 5 | 12/6/99 | Letter of Notice re: Riley moving from Grayling Way as of 1/1/00 |
| Ex. 6 | 12/6/99 | Kathleen Connell CA State Controller Facsimile Cover Sheet |
| Ex. 7 | 5/28/99-11/1/99 | Wesley Riley personal checks to Budget ($850 each) |
| Ex. 8 | 1/25/00 | Crest Property Management, Inc. Rental Agreement |
| Ex. 9 | 12/7/99-5/30/00 | Checks and money orders for security deposit and rent (to Crest) |
| Ex. 10 | various | Escrow documents and title insurance related to 2344 Manchester Street, West Sacramento, CA 95691 |
| Ex. 11 | 2/12/01 | Notice of Change of Terms of Tenancy |
| Ex. 12 | 11/26/01-5/26/02 | Automobile Policy Declaration |
| Ex. 13 | 7/18/03 | Letter re: Escrow No. 2017000254-DH – notifying of closing |
| Ex. 14 | 1/03/01-3/26/01 | PG&E account summaries |

*ATTACHMENT "C"*

| Ex. 15 | 1/00-2/00 | Student Loan Corporation account statements |
| Ex. 16 | 7/21/02-11/21/02 | Citibank The Student Loan Corporation account statements |
| Ex. 17 | 8/24/03 | Notice of Charge Back Items and personal check |
| Ex. 18 | 11/24/03 | Notice of Charge Back Items and personal check |
| Ex. 19 | | Draft Notice to Pay Rent or Quit |
| Ex. 20 | 08/10/04 | Notice to Pay Rent or Quit |
| Ex. 21 | 08/17/04 | Complaint for Unlawful Detainer |
| Ex. 22 | 08/18/04 | Prejudgment Claim of Right to Possession |
| Ex. 23 | 08/23/04 | Cashier's Check |
| Ex. 24 | 9/1/04 | Proof of Service |
| Ex. 25 | 9/2/04 | Request for Dismissal |
| Ex. 26 | 11/12/04 | Notice to Pay Rent or Quit |
| Ex. 27 | 11/22/04 | Civil Case Cover Sheet |
| Ex. 28 | 12/14/04 | Summons and Complaint |
| Ex. 29 | 12/14/04 | Proof of Service of Summons and Complaint and Declaration of Due Diligence |
| Ex. 30 | 12/14/04 | Request for Entry of Default and Judgment in Unlawful Detainer |
| Ex. 31 | 12/17/04 | Writ of Possession of Real Property |
| Ex. 32 | 12/21/04 | Writ of Execution |
| Ex. 33 | 12/30/04 | Eviction Restoration Notice |
| Ex. 34 | 1/3/05 | Abstract of Judgment |
| Ex. 35 | 1/3/05 | Acknowledgment of Satisfaction of Judgment |

| Ex. 36 |         | Money Order by Sherry Ahrens |
|--------|---------|------------------------------|
| Ex. 37 | 1/13/05 | Notice of Charge Back Items |
| Ex. 38 | 1/18/05 | Notice to Pay Rent or Quit |
| Ex. 39 | 1/24/05 | Prejudgment Claim of Right to Possession |
| Ex. 40 | 1/24/05 | Complaint for Unlawful Detainer |
| Ex. 41 | 1/27/05 | Return on Writ of Possession |
| Ex. 42 | 1/24/05 | Service Request Form |
| Ex. 43 | 2/2/05  | Answer-Unlawful Detainer |
| Ex. 44 | 2/16/05 | Proof of Service |
| Ex. 45 | 2/16/05 | Request to Set Case for Trial |
| Ex. 46 | 2/16/05 | Request for Entry of Default and Court Judgment |
| Ex. 47 | 2/16/05 | EVICT Eviction Service letter |
| Ex. 48 | 2/18/05 | Notice of Time and Place of Trial |
| Ex. 49 | 3/8/05  | Tape recording of March 8, 2005 trial |
| Ex. 50 | 3/9/05  | Memo of Costs (summary) |
| Ex. 51 | 3/24/05 | Eviction Restoration Notice |
| Ex. 52 | 3/14/05 | Return on Writ of Possession |
| Ex. 53 | 3/16/05 | Writ of Possession of Real Property |
| Ex. 54 | 4/20/05 | Order re Motion for Atty Fees |
| Ex. 55 | 1/3/06  | Report Summary and credit report |
| Ex. 56 | 1/9/06  | Report Summary and credit report |
| Ex. 57 | 1/29/06 | Riley letter to Giguiere |
| Ex. 58 | 2/3/06  | Abstract of Judgment |

| Ex. 59 | 2/10/06 | Title sheet of Abstract of Judgment recorded in Yolo County |
| Ex. 60 | 4/11/06 | Notice of Motion and Motion to Set Aside Default, including all supporting documents, and Proposed Answer |
| Ex. 61 | 5/3/06 | Opposition to Motion to Set Aside Default and Default Judgment |
| Ex. 62 | 5/4/06 | Reply documents to Opposition to Motion to Set Aside Default |
| Ex. 63 | 5/12/06 | Order re Motion to Set Aside Default and Default Judgment |
| Ex. 64 | 5/19/06 | Giguiere Ltr re: Sacramento Sup. Ct. Case No. 05UD00611 |
| Ex. 65 | 5/22/06 | Correspondence between Riley and First Advantage SafeRent (Reinvestigation Report and Form letter and Personal and Confidential Disclosure Report William Wesley Riley) |
| Ex. 66 | 5/23/06 | Credit Score Disclosure |
| Ex. 67 | | Form letter and Personal and Confidential Disclosure Report William Wesley Riley |
| Ex. 68 | 6/2/06 | Emails between Wesley Riley and Karen Dighton |
| Ex. 69 | 6/2/06 | Letter from Golden One (Statement of Credit Denial, Termination, Change, or Notice of Incomplete Application and Request for Additional Information) |
| Ex. 70 | 6/2/06 | Your TransUnion File Number: 156494829 |
| Ex. 71 | 6/7/06 | Investigation Results |
| Ex. 72 | 6/7/06- 6/8/06 | Emails between Wesley Riley and Karen Dighton |
| Ex. 73 | 6/9/06 | Request for Dismissal |
| Ex. 74 | 6/15/06 | FIN 156494829 |
| Ex. 75 | 6/22/06 | Investigation is Complete |
| Ex. 76 | 7/7/06 | Campbell Ltr re: Sacramento Sup. Ct. Case No. 05UD00611 |
| Ex. 77 | 7/10/06 | Request to Set Case for Trial – Defendant's request |

| Ex. 78 | 7/12/06 | Notice of Time and Place of Trial |
| Ex. 79 | 7/14/06 | Release of Abstract Judgment |
| Ex. 80 | 7/20/06 | Notice of Entry of Dismissal |
| Ex. 81 | 8/3/06 | TransUnion Investigation Results |
| Ex. 82 | 8/5/06 | Equifax Investigation Results |
| Ex. 83 | 8/10/06 | Experian Investigation Results |
| Ex. 84 | 8/18/06 | TransUnion Investigation Results |
| Ex. 85 | 9/8/06 | Letter Re: Wesley Riley credit |
| Ex. 86 | 6/18/08 | Department of Real Estate Records re: Steven W. Ramirez |

After trial, Plaintiff will produce documents supporting attorney's fees and costs, subject to the redaction of protected attorney-client information.

1  William A. Munoz - 191649
   Kerri Ruzicka - 222706
2  MURPHY, PEARSON, BRADLEY & FEENEY
   701 University Avenue, Suite 150
3  Sacramento, CA 95825
   Telephone:    (916) 565-0300
4  Facsimile:    (916) 565-1636

5  Attorneys for Defendant
   MICHELE GIGUIERE
6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                              SACRAMENTO

11 | WESLEY RILEY,                          | Case No.: CIV S-06-2126-LKK-KJM

12 |           Plaintiff,                   | DEFENDANT MICHELE GIGUIERE'S
   |                                        | PROPOSED TRIAL EXHIBIT LIST
13 |

14 | v.                                     | Date:       June 9, 2008
   |                                        | Time:       3:30 p.m.
   |                                        | Courtroom:  4
15 |                                        | Honorable Lawrence K. Karlton
   | MICHELE GIGUIERE, BUDGET PROPERTY
16 | MANAGEMENT, INC.; CAL. INVESTORS,
   | INC.; WILLIAM T. MARTIN, CALIFORNIA
17 | INVESTOR and CALIFORNIA INVESTORS,

18 |
   |           Defendants.
19 |

20

21    Defendant MICHELE GIGUIERE may offer the following exhibits at trial of this matter:

22

| Exhibit | Date | Description |
|---------|------|-------------|
| A | 2/1/95 | Property Management Agreement between Josephine Santos and Budget Property Management Company |
| B | 5/21/99 | Residential Lease Agreement – 8749 Grayling Way |
| C | 6/8/99 | Facsimile Cover Page and Transmission Verification Report |
| D | 12/6/99 | Letter to Budget Property Management |

- 1 -

DEFENDANT MICHELE GIGUIERE'S PROPOSED TRIAL EXHIBIT LIST

ATTACHMENT "D"

| | E | 12/6/99 | Facsimile Cover Page |
|---|---|---|---|
| | F | 12/7/99 | Check Number 1660 payable to Crest Property Management |
| | G | 1/00-2/00 | Student Loan Corporation Account Statements to Wesley Riley |
| | H | 3/1/00 | Check Number 1708 payable to Crest Property Management |
| | I | 4/1/00 | Check Number 1725 payable to Crest Property Management |
| | J | 5/1/00 | Check Number 1734 payable to Crest Property Management |
| | K | 5/30/00 | Check Number 1748 payable to Crest Property Management |
| | L | 1/01 | Excerpt of PG&E bill for Wesley Riley, account number CPS 590 27409-9 |
| | M | | Notice to Pay Rent or Quit |
| | N | 2/01 | Excerpt of PG&E bill for Wesley Riley, account number CPS 590 27409-9 |
| | O | 2/12/01 | Notice of Change of Terms of Tenancy |
| | P | 3/01 | Excerpt of PG&E bill for Wesley Riley, account number CPS 590 27409-9 |
| | Q | 7/02-11/02 | Citibank Account Statements to Wesley Riley |
| | R | 2003 | Preliminary Change of Ownership re: 2344 Manchester Street, West Sacramento, CA 95691 |
| | S | 4/18/03 | Preliminary Title Report from Old Republic Title re: 2344 Manchester Street, West Sacramento, CA 95691 |
| | T | 7/18/03 | Letter tom Donna Horn at Old Republic Title to Wesley Riley |
| | U | 8/24/03 | Notice of Charge Back Items |
| | V | 11/24/03 | Notice of Charge Back Items |
| | W | 8/10/04 | Notice to Pay Rent or Quit |
| | X | 8/17/04 | Prejudgment Claim of Right of Possession in the matter of *Josephine Santos v. Wesley Riley, Sherry Ahrens*, Sacramento County Superior Court Case Number 04UD06252 |

- 2 -

DEFENDANT MICHELE GIGUIERE'S PROPOSED TRIAL EXHIBIT LIST

| Y | 8/17/04 | Summons and Complaint – Unlawful Detainer in the matter of *Josephine Santos v. Wesley Riley, Sherry Ahrens*, Sacramento County Superior Court Case Number 04UD06252 |
| Z | 8/17/04 | Service Request Form |
| 2A | 8/23/04 | Golden 1 Credit Union Receipt for Cashier's Check for $4,000 payable to Sherry Ahrens |
| 2B | 8/23/04 | Cash Advance Receipt for $4,000 from Golden 1 Credit Union |
| 2C | 8/31/04 | Cashier's Check in the amount of $3,765 payable to California Investors |
| 2D | 9/1/04 | Proof of Service of Summons – Sherry Ahrens in the matter of *Josephine Santos v. Wesley Riley, Sherry Ahrens*, Sacramento County Superior Court Case Number 04UD06252 |
| 2E | 9/1/04 | Proof of Service of Summons – Wesley Riley in the matter of *Josephine Santos v. Wesley Riley, Sherry Ahrens*, Sacramento County Superior Court Case Number 04UD06252 |
| 2F | 9/2/04 | Request for Dismissal without Prejudice in the matter of *Josephine Santos v. Wesley Riley, Sherry Ahrens*, Sacramento County Superior Court Case Number 04UD06252 |
| 2G | 11/10/04 | Three Day Notice to Pay Rent of Quit |
| 2H | 11/22/04 | Summons and Complaint and Prejudgment Claim to Right of Possession in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 04UD08808 |
| 2I | 11/22/04 | Service Request Form |
| 2J | 12/14/04 | Proof of Service of Summons – Wesley Riley in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 04UD08808 |
| 2K | 12/14/04 | Proof of Service of Summons – Sherry Ahrens in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 04UD08808 |
| 2L | 12/14/04 | Judgment by Default in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 04UD08808 |

- 3 -

DEFENDANT MICHELE GIGUIERE'S PROPOSED TRIAL EXHIBIT LIST

| 2M | 12/14/04 | Letter from Michele Giguiere to Wesley Riley and Sherry Ahrens |
|----|----------|---------------------------------------------------------------|
| 2N | 12/22/04 | Return of Writ of Possession in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 04UD08808 |
| 2O | 1/3/05 | Acknowledgement of Satisfaction of Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 04UD08808 |
| 2P | 1/1/05 | Cashier's Checks submitted by Sherry Ahrens |
| 2Q | 1/13/05 | Notice of Charge Back Items |
| 2R | 1/18/05 | Notice to Pay Rent or Quit |
| 2S | 1/24/05 | Service Request Form |
| 2T | 1/24/05 | Complaint and Prejudgment Claim to Right of Possession in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 2U | 2/2/05 | Answer to Complaint by Sherry Ahrens in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 2V | 2/16/05 | Proof of Service –Wesley Riley in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611. |
| 2W | 2/16/05 | Proof of Service –Sherry Ahrens in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611. |
| 2X | 2/16/05 | Letter to Wesley Riley re: Request to enter Default in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 2Y | 2/18/05 | Notice of Time and Place of Trial in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611. |
| 2Z | 3/8/05 | Judgment and Notice of Entry of Judgment and Default Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |

- 4 -

| 3A | 3/18/05 | Return on Writ of Possession in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
|----|---------|---|
| 3B | 1/29/06 | Letter from Wesley Riley to Michele Giguiere |
| 3C | 1/3/06 | Experian Credit Report for Wesley Riley |
| 3D | 1/9/06 | Experian Investigation Results, Report Number 3473270867 |
| 3E | 2/3/06 | Abstract of Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 3F | 4/11/06 | Notice of Motion and Motion to Set Aside Default Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 3G | 4/11/06 | Declaration of Wesley Riley in Support of Motion to Set Aside Default and Default Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 3H | 5/3/06 | Memorandum of Points and Authorities in Opposition to Motion to Set Aside Default and Default Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 3I | 5/3/06 | Declaration of John Mullins in Opposition to Motion to Set Aside Default and Default Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 3J | 5/3/06 | Declaration of Sandy Mullins in Opposition to Motion to Set Aside Default and Default Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 3K | 5/4/06 | Reply Brief re; Motion to set Aside Default and Default Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| 3L | 5/12/06 | Order Setting Aside Default Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento |

- 5 -

| | | | County Superior Court, Case Number 05UD00611 |
|---|---|---|---|
| | 3M | 5/19/06 | Letter from Michele Giguiere to Mark A. Campbell |
| | 3N | 5/22/06 | First Advantage SafeRent Reinvestigation Request |
| | 3O | 5/23/06 | Credit Score Disclosure from Golden 1 Credit Union |
| | 3P | 5/25/06 | Letter from U.D. Registry to California Investors, Inc. re: Wesley Riley |
| | 3Q | 6/2/06 | E-mail correspondence between Wesley Riley and Karen Dighton at Golden 1 Credit Union |
| | 3R | 6/2/06 | Letter from Golden 1 Credit Union to Wesley Riley re: Application Number 2143466 |
| | 3S | 6/7/06 | E-mail from Wesley Riley to Karen Dighton at Golden 1 Credit Union |
| | 3T | 6/8/06 | E-mail from Karen Dighton at Golden 1 Credit Union to Wesley Riley |
| | 3U | 6/9/06 | Request for Dismissal in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| | 3V | 6/12/06 | Facsimile from John Mullins to Gail at U.D. Registry |
| | 3W | 6/15/06 | E-mail correspondence between Wesley Riley and Karen Dighton of Golden 1 Credit Union |
| | 3X | 7/7/06 | Letter from Mark A. Campbell to Michel Louise Giguiere regarding the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| | 3Y | 7/14/06 | Release of Abstract of Judgment in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| | 3Z | 7/20/06 | Notice of Drop in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, Sacramento County Superior Court, Case Number 05UD00611 |
| | 4A | 7/20/06 | Notice of Entry of Dismissal and Proof of Service in the matter entitled *Josephine Santos v. Wesley Riley and Sherry Ahrens*, |

DEFENDANT MICHELE GIGUIERE'S PROPOSED TRIAL EXHIBIT LIST

| | | Sacramento County Superior Court, Case Number 05UD00611 |
|---|---|---|
| 4B | 8/5/06 | Letter from Experian to Wesley Riley re: investigation results |
| 4C | 8/10/06 | Experian Investigation Results |
| 4D | 8/24/06 | Letter from Transunion to Wesley Riley re: Reinvestigation Results |
| 4E | 9/25/06 | Letter from Transunion to Wesley Riley re: investigation |
| 4F | 11/3/06 | Letter from First Advantage SafeRent (formerly U.D. Registry) to Sandy Mullins re: Wesley Riley |
| 4G | Undated | First Advantage SafeRent Reinvestigation Results |

Dated: June 2, 2008

MURPHY, PEARSON, BRADLEY & FEENEY

By _____/s/_____
William A. Munoz
Attorneys for Defendant
MICHELE GIGUIERE

WAM.10423025.doc

- 7 -

DEFENDANT MICHELE GIGUIERE'S PROPOSED TRIAL EXHIBIT LIST

1

## CERTIFICATE OF SERVICE

2

I, the undersigned, certify that the above and foregoing instrument was electronically filed with

3

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

4

following:

5

**DEFENDANT MICHELE GIGUIERE'S PROPOSED TRIAL EXHIBIT LIST**

6

Mark A. Campbell                                        Plaintiff's Counsel

7   Murphy Campbell, Guthrie & Alliston
    8801 Folsom Blvd. No. 230

8   Sacramento, CA  95826

9

Dated this 2nd day of June, 2008 at Sacramento, California.

10

11

12                                                  /s/
                                              William A. Munoz

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

**DEFENDANT MICHELE GIGUIERE'S PROPOSED TRIAL EXHIBIT LIST**