UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESLEY RILEY,

                              NO. CIV. S-06-2126 LKK/KJM

    Plaintiff,

  v.                                 O R D E R

MICHELE GIGUIERE, et al,

    Defendants.

_____/

On September 25, 2006, plaintiff filed a complaint under the Fair Debt Collections Practices Act ("FDCPA") against attorney-defendant Michele Giguiere and several other defendants. Plaintiff settled his claims against all defendants but Ms. Giguiere. On July 7, 2008, this court held its first pretrial conference. Trial began on March 31, 2009. On April 2, 2009, the court announced a mistrial, and ordered parties to file cross-motions for summary judgment. After ruling on these motions, the court set a new pretrial conference for September 8, 2009, and set trial for November 3, 2009. The pretrial conference, however, was vacated after Ms. Giguiere's counsel filed a motion to withdraw on August

1

26, 2009. Plaintiff opposed the motion. Nonetheless, on September 29, 2009, the court granted the motion. The court vacated the trial date, and set a status conference for November 23, 2009 in order to provide Ms. Giguiere with time to find new counsel. The status conference was continued to November 30, 2009. After the conference, on December 1, 2009, this court issued an order setting the pretrial conference for March 15, 2010 and the trial to begin on April 6, 2010. The court also stated, "TRIAL IN THIS CASE WILL NOT BE FURTHER CONTINUED."

On March 15, 2010, the court held a pretrial conference. At this conference, Ms. Giguiere admitted that she had not reviewed the separate pretrial statement that had been filed by her former counsel nor the joint pretrial statement or plaintiff's separate pretrial statement. Rather than further delay trial, the court allowed Ms. Giguiere to evaluate these statements during the pretrial conference. Ultimately, the court issued a tentative pretrial order. This tentative pretrial order required parties to submit trial briefs, proposed jury instructions, and proposed verdict forms fifteen days before trial. Ms. Giguiere failed to file any of these documents. The court decided, however, that due to the short amount of time between the pretrial conference and trial to extend Ms. Giguiere's deadline until 12:00 p.m. on April 5, 2010. Ms. Giguiere nonetheless failed to comply with this extended deadline.

At 3:03 p.m. on April 5, 2010, the eve of trial, Ms. Giguiere filed a notice of filing bankruptcy petition. The petition was

1  filed at 12:19 p.m. on the same day. Ms Giguiere's notice indicated
2  that the case is stayed due to the bankruptcy filing. Later that
3  day, plaintiff filed a request for a continuance of the trial date
4  rather than taking the case off calendar. Plaintiff argued that
5  because Ms. Giguiere only filed a skeletal bankruptcy petition, she
6  must take further action or her petition will be dismissed. As
7  such, plaintiff seeks to avoid further delay, and requests that
8  this court set trial after May 1, 2010, when the court can
9  determine if Ms. Giguiere's bankruptcy petition has been dismissed.
10 While the court is sympathetic to plaintiff's concerns, it does not
11 set a further trial date. Rather, the bankruptcy filing stays this
12 case. Upon notice that the bankruptcy petition has been dismissed,
13 however, the court will promptly set a new trial date.

    For the foregoing reasons, the court orders as follows:

    (1)  This case is stayed.

    (2)  The trial date, April 6, 2010, is vacated.

    (2)  The clerk is instructed to administratively close this
         case.

    (3)  Plaintiff shall notify the court when the case may
         properly proceed.

    IT IS SO ORDERED.

    DATED: April 6, 2010.

                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT

3